Filed 9/29/21  P. v. Preston CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSIAH PRESTON,<br><br>    Defendant and Appellant. | B305659<br><br>(Los Angeles County<br> Super. Ct. No. BA478468) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Craig J. Mitchell, Judge.  Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In September 2019, defendant and appellant Josiah Preston was charged with one count of second degree robbery (Pen. Code, § 211). It was alleged the robbery was committed for the benefit of, at the direction of or in association with a criminal street gang within the meaning of section 186.22. It was further alleged defendant had suffered two prior convictions for serious or violent felonies in 2017.

The charge arose from an incident on May 14, 2019 in which defendant, a member of the Rollin' 40's criminal street gang, entered a store with two fellow gang members and confronted an individual, who was by himself and a member of a rival gang. Defendant punched the individual several times and then he and his accomplices chased the victim out of the store and continued to assault him, eventually yanking a gold necklace from his neck and taking it. The store employee who called 911 also heard several gunshots before defendant and his accomplices fled the scene.

The case was tried to a jury in January 2020. The jury found defendant guilty as charged. At the hearing on defendant's motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the People conceded that the two strikes alleged against defendant (violation of Pen. Code, § 459 & § 186.22, subd. (a)) arose from the same incident in 2017. The People agreed it was pursuing only one strike. Defendant waived his right to a jury trial on the prior strike allegation and admitted his prior conviction for a violation of section 186.22, subdivision (a). The court sentenced defendant to a state prison term of 14 years (low term of two years, doubled due to the strike, plus 10 years for the gang enhancement).

Defendant appealed.

We appointed appellate counsel to represent defendant. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that she reviewed the record and sent a letter to defendant explaining her evaluation of the record. Counsel further declared she advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days, and forwarded copies of the record to defendant. No supplemental brief was filed.

We have examined the entire record of proceedings submitted to this court and are satisfied that appointed counsel fully complied with her responsibilities in assessing whether or not any colorable appellate issues exist. We conclude there are no arguable appellate issues. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, Acting P. J.


WE CONCUR:


STRATTON, J.


WILEY, J.

3